IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARLYN TROUT, et al.,** | : DOCKET NO.: 1:10-CV-00439 |
| Plaintiffs | : (Honorable Christopher C. Conner) |
| | : (Filed 02/26/2010) |
| v. | : |
| | : JURY TRIAL DEMANDED |
| **WILLIAM WENTZ, et al.,** | : |
| Defendants | : (ELECTRONICALLY FILED) |

BRIEF IN SUPPORT OF MOTION OF
YORK CITY DEFENDANTS TO DISMISS AND FOR SANCTIONS

PROCEDURAL HISTORY

On February 26, 2010, Plaintiffs Marlyn and Jordan Trout filed a Complaint pursuant to 42 U.S.C. § 1983 seeking damages. On April 30, 2010, Defendant Officers William Wentz, Kim Hibner, and Kyle Hower ("York City Defendants) filed a motion to dismiss and for sanctions. This brief is filed in support of the Defendants' motion

STATEMENT OF FACTS

On October 20, 2007, Plaintiffs were arrested during a drag racing enforcement detail in the City of York, Pennsylvania. See Complaint at ¶¶ 11-12 & 19. Plaintiffs claim that they "played no role in, and were unaware of, any organized racing, or of any group, or persons, behind any organizing of these purported gatherings." See id. at ¶ 12. Rather, Plaintiffs claim that they "stopped at a nearby Long John Silver's and then went to the subject parking lot to enjoy their

meal." See id. at ¶ 15.  Jamie Garland of Fox News 43 reported during a television interview with the Plaintiffs, however, that Mr. Trout is a "huge car buff," and that Mr. Trout told Fox News that "he and his daughter stopped by just to look at the cars."  During the same interview, Mr. Trout admitted, "it's just all, all different races[.]"  See http://www.youtube.com/watch?v=8e6PbZr24NQ&feature=related

The Plaintiffs admit that they were in a shopping center parking lot that was posted 'no trespassing,' with over 200 other people, for a purpose other than to patronize the stores in the shopping center.  See Complaint at ¶¶ 1, 14 & 15.  The Plaintiffs claim that they were arrested for defiant trespass, handcuffed, and searched incident to arrest.  See id. at ¶ 1.  During a hearing before a district justice, the Plaintiffs were found guilty.  See id. at ¶ 30.  On summary appeal, they were found not guilty.  See id. at ¶ 34.  They now claim that they were falsely arrested and maliciously prosecuted.

## **QUESTIONS PRESENTED**

I.   WITH THE EXCEPTION OF THE MALICIOUS PROSECUTION CLAIM, SHOULD THE COURT DISMISS MARLYN TROUT'S FIRST, FOURTH, AND FOURTEENTH AMENDMENT CLAIMS AGAINST THE YORK CITY DEFENDANTS BECAUSE THEY ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS?

II.   SHOULD THE COURT DISMISS THE PLAINTIFFS' FIRST, FOURTH, AND FOURTEENTH AMENDMENT CLAIMS AGAINST THE YORK CITY DEFENDANTS BECAUSE THEY FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED?

III. IN THE ALTERNATIVE, SHOULD THE YORK CITY DEFENDANTS BE ENTITLED TO QUALIFIED IMMUNITY FOR THEIR ACTIONS?

IV. PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND 28 U.S.C. § 1927, SHOULD THE COURT REQUIRE THE PLAINTIFFS AND/OR THEIR COUNSEL TO PAY TO THE YORK CITY DEFENDANTS THE REASONABLE FEES AND COSTS NECESSARY TO DEFEND THIS CASE?

## ARGUMENT

Plaintiff' Complaint should be dismissed because it fails to "state a claim to relief that is plausible on its face." See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2) (West 2009). While "detailed factual allegations" are not required, a Complaint must contain more than the proverbial "the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 173 L. Ed. 2d 868, 883 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (Citations Removed)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 884 (citing Twombly, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. at 884 (citing Twombly, 550 U.S. at 557) (Citations Removed).

**I. WITH THE EXCEPTION OF THE MALICIOUS PROSECUTION CLAIM, MARLYN TROUT'S FIRST, FOURTH, AND FOURTEENTH AMENDMENT CLAIMS ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.**

Marlyn Trout attempts to assert First, Fourth, and Fourteenth Amendment claims pursuant to 42 U.S.C. § 1983 against Officers Wentz and Hower. 42 U.S.C. § 1983 is governed by a two year statute of limitations. See Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993); 42 Pa. CON. STAT. § 5524. The alleged conduct occurred on October 20, 2007. Mr. Trout, however, waited until February 26, 2010 to file his Complaint. Therefore, with the exception of the malicious prosecution claim, Mr. Trout's First, Fourth, and Fourteenth Amendment claims are barred by the applicable statute of limitations.

## II. PLAINTIFFS FAILED TO STATE A FIRST, FOURTH, OR FOURTEENTH AMENDMENT CLAIM AGAINST THE YORK CITY DEFENDANTS UPON WHICH RELIEF CAN BE GRANTED.

### a. Fourth and Fourteenth Amendment Claims

It appears that at least Plaintiff Marlyn Trout is attempting to assert claims pursuant to the Fourteenth Amendment, in addition to the Fourth Amendment. However, Plaintiff's claims are more appropriately addressed under the Fourth Amendment. See Albright v. Oliver, 510 U.S. 266, 273 (1994); Bristow v. Clevenger, 80 F. Supp. 2d 421, 429 (M.D. Pa. 2000).

As to Plaintiffs' Fourth Amendment claims, they have failed to state a claim upon which relief can be granted. The Fourth Amendment protects individuals "against unreasonable searches and seizures." U.S. CONST. amend IV. Claims of unlawful arrest, false imprisonment, and malicious prosecution under the Fourth Amendment all require that a Plaintiff show that he or she was arrested without probable cause. Groman v. Twp. of Manalapan, 47 F.3d 628, 634-35 (3d Cir. 1995); see also Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009); Berg v. County of Allegheny, 219 F.3d 261, 268-69 (3d Cir. 2000); see also Amato v. Pa. Office of Attorney Gen., 183 F. App'x 260, 262 n.1 (3d Cir. 2006) ("[I]f probable cause is established, a malicious prosecution claim fails as a matter of law.").

Pursuant to Wright v. City of Philadelphia, 409 F.3d 595, 602 (3d Cir. 2005), "[a]n arrest was made with probable cause if 'at the moment the arrest was made . . .

the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that [the suspect] had committed or was committing an offense.'" Id. (quoting Beck v. Ohio, 379 U.S. 89 (1964)). Although "[p]robable cause to arrest requires more than mere suspicion . . . it does not require that the officer have evidence sufficient to prove guilt beyond a reasonable doubt." Orsatti v. N.J. State Police, 71 F.3d 480, 482-83 (3d Cir. 1995).

The issue is not whether an individual actually committed the crimes for which she was arrested, but whether the police had probable cause to believe that the individual committed those crimes at the time of her arrest. Groman v. Twp. of Manalapan, 47 F.3d 628, 634 (3d Cir. 1995); see also Baker v. McCollan, 443 U.S. 137, 145 (1979) ("The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted – indeed, for every suspect released."). The probable cause determination is generally made by the trier of fact; however, "a district court may conclude 'that probable cause exists as a matter of law if the evidence . . . reasonably would not support a contrary factual finding.'" Merkle v. Upper Dublin School Dist., 211 F.3d 782, 788-89 (3d Cir. 2000) (citation omitted).

In this case, it is apparent from the admissions in Plaintiffs' Complaint that probable cause existed to arrest the Plaintiffs; thereby defeating Plaintiffs' Fourth

6

Amendment claims.  The Plaintiffs admit that they were in a shopping center parking lot that was posted 'no trespassing,' after business hours, with at least 200 other people, for a purpose other than to patronize the stores in the shopping complex.  See Complaint at ¶¶ 1, 14 & 15.  These facts alone establish the requisite probable cause to arrest the Plaintiffs for defiant trespass.  See 18 Pa.C.S. § 3503(b) (2010).  Moreover, despite any representation to the contrary, Plaintiffs' counsel, Attorney Bailey, knew when he filed the Complaint, from the summary appeal hearing, that the parking lot was properly posted and that the police acted on complaints from business owners.  See Summary Appeal Hearing Transcript, filed in Support of Defendant Comery's Motion to Dismiss.

The Plaintiffs essentially claim that while they may have been technically trespassing, their trespass should have been excused, because they were only trespassing for the purpose of enjoying a meal from Long John Silvers; not to enjoy the drag races.  See id. at ¶ 15.  Even assuming this to be true, such evidence at best establishes the affirmative defense of mistake of fact.  See 18 PA. CONS. STAT. ANN. § 304 (defining the affirmative defense of "ignorance or mistake as to a matter of fact").  As stated in Corbett v. Goode, however,

> The availability of an affirmative defense focuses on the ultimate analysis of guilt *at trial*, but has nothing to do with whether the threshold elements of the offense, or probable cause, existed *at the time of arrest*. In order to assert [an] affirmative defense, [a] plaintiff must first admit that she committed the crime . . . as charged. Logically, an

>admission that she committed the act charged also constitutes an admission that probable cause existed.

No. 87-7360, 1990 WL 181499 (E.D. Pa. Nov. 19, 1990) at *5 (emphasis in original); see also Dowling v. City of Phila., 855 F.2d 141, 142 n.6 (3d Cir. 1988). Accordingly, Plaintiffs' argument has no bearing on the probable cause issue, except to establish the existence of the necessary probable cause.

Furthermore, it should be noted that "[a] custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification." Virginia v. David Lee Moore, 553 U.S. 164, 177 (2008) (quoting United States v. Robinson, 414 U.S. 218, 235 (1973)). Moreover, the mere use of handcuffs incident to arrest is presumptively reasonable and does not rise to the level of a constitutional violation. See Raley v. Fraser, 747 F.2d 287, 288-89 (5th Cir. 1984); Bur v. Gilbert, 415 F.Supp. 335, 341-42 (E.D. Wis. 1976). Finally, the Third Circuit has not found constitutional violations in cases where vehicles are impounded following arrests. See U.S. v. Salmon, 944 F.2d 1106 (3d Cir. 1991), U.S. v. Frank, 864 F.2d 992 (3d Cir. 1988). Having said this, Attorney Bailey knew from the summary appeal hearing, prior to filing the Complaint, that vehicles were not impounded; rather, they were towed by the shopping center as a result of a private towing contract.

In deciding this motion, in the interest of justice and in conserving judicial and litigation resources, the Court should consider the following additional facts:

Plaintiffs claim that they "played no role in, and were unaware of, any organized racing, or of any group, or persons, behind any organizing of these purported gatherings." See id. at ¶ 12. Rather, Plaintiffs claim that they "stopped at a nearby Long John Silver's and then went to the subject parking lot to enjoy their meal." See id. at ¶ 15. Fox News 43, however, reported during a television interview with the Plaintiffs that Mr. Trout is a "huge car buff," and that Mr. Trout told Fox News that "he and his daughter stopped by just to look at the cars." Mr. Trout further admitted during that interview that "it's just all, all different races[.]" See http://www.youtube.com/watch?v=8e6PbZr24NQ&feature=related  Based upon the admissions made by Mr. Trout in his television interview, it is clear that probable cause existed for the Plaintiffs' arrests and that this lawsuit is vexatious and frivolous.

   b. **First Amendment Claims**

Plaintiffs attempt to state First Amendment claims against the York City Defendants based upon a freedom of association theory of liability. Specifically, Plaintiffs claim that the "defendants unlawfully persecuted the plaintiffs because they allegedly came together to look at automobiles in a public place." See Complaint at ¶ 47. First, Plaintiffs know this statement to be false as this was a shopping center parking lot that was posted "no trespassing" and Plaintiffs were on the premises after hours for a purpose other than patronizing the stores in the

complex.  Second, the right to freedom of association does not include the right to violate the law.  See California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508, 513 (1972).  Therefore, Plaintiffs do not have a protected right to attend an illegal drag race while trespassing.

### III. THE YORK CITY DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY FOR THEIR ACTIONS.

In the alternative, the York City Defendants should be entitled to qualified immunity for their actions.  There is no rigid procedure that courts must follow in determining whether qualified immunity is warranted.  See Pearson v. Callahan, 555 U.S. --- (Jan. 21, 2009) (noting that while the two-step inquiry set forth in Saucier v. Katz, 533 U.S. 194, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001), "is often appropriate, it should no longer be regarded as mandatory"). Rather, courts may follow the two-step analysis set forth in Saucier v. Katz, looking first to whether "a constitutional right would have been violated on the facts alleged" and, if so, then to whether the right was "clearly established."  533 U.S. at 200-01.  Alternatively, a court may look directly to whether the law prohibiting a defendant's conduct was clearly established, without determining whether there was a constitutional violation under the circumstances presented.  Pearson, 172 L. Ed. 2d 565, 129 S. Ct. 808, 2009 WL 128768, at *13 ("Our decision does not prevent the lower courts from following the Saucier procedure; it simply recognizes that those courts should have the discretion to decide whether the procedure is worthwhile in particular cases.").

Qualified immunity shields "law enforcement officials who 'reasonably but mistakenly' conclude that their conduct comports with the requirements of the Fourth Amendment." Sharrar v. Felsing, 128 F.3d 810, 826 (3d Cir. 1997) (citing Hunter v. Bryant, 502 U.S. 224, 227 (1991) (per curiam)). The privilege "'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" Id. The reasonableness of an officer's beliefs or actions is a question for the court. Id. at 828.

In this case, the Plaintiffs admit that they were in a shopping center parking lot that was posted 'no trespassing,' after business hours, with at least 200 other people, for a purpose other than to patronize the stores in the shopping complex. See Complaint at ¶¶ 1, 14 & 15.  These facts alone establish the requisite probable cause to arrest the Plaintiffs for defiant trespass.  See 18 Pa.C.S. § 3503(b) (2010). Moreover, the arrests were sanctioned by the District Attorney's Office.  See Complaint at ¶ 11.  No reasonable police officer under the same circumstances would have known that arresting the Plaintiffs under the circumstances presented violated clearly established law.  Therefore, the York City Defendants should be granted qualified immunity for their actions.

### IV. PURSUANT TO RULE 11 AND 28 U.S.C. § 1927, THE COURT SHOULD REQUIRE THE PLAINTIFFS AND/OR THEIR COUNSEL TO PAY TO THE YORK CITY DEFENDANTS THE REASONABLE FEES AND COSTS NECESSARY TO DEFEND THIS CASE.

Rule 11 of the Federal Rules of Civil Procedure provides that when an attorney signs a Complaint, he is verifying that to the best of his "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that the Complaint is filed for a proper purpose and that the claims are warranted by existing law.  See Fed.R.Civ.P. 11(b)(1)&(2) (West 2010). Furthermore, § 1927 permits recovery of the excess attorney's fees, expenses, and costs, against an attorney who "unreasonably and vexatiously" multiplies the proceedings in a case.  See 28 U.S.C. § 1927.

In this case, based upon Plaintiff Marlyn Trout's admission during a television interview, it is clear that the Complaint is frivolous.  This fact was brought to Attorney Bailey's attention and simply ignored.  See attached Email String.  Unfortunately, as discussed by the Court in David Lease v. Douglas Fishel, No. 1:07-CV-0003 in its Memorandum and Order docketed at Doc. 105, Attorney Bailey has a long history of similar type conduct.  This case has no merit and Attorney Bailey should have immediately dismissed it once the admission was brought to his attention.  Therefore, Plaintiffs and/or Attorney Bailey should be required to pay all of the York City Defendants' fees and costs incurred as a result of having to defend against this frivolous action.

## **CONCLUSION**

For the foregoing reasons and the reasons previously stated, the York City Defendants respectfully request that the Court grant their motion and dismiss the Complaint against them with prejudice. In addition, the York City Defendants request that the Court require the Plaintiffs and/or their counsel to pay the Defendants' fees and costs.

**RESPECTFULLY SUBMITTED,**

**Date: April 30, 2010**          **By:**     s/*Devon M. Jacob*
                                              **DEVON M. JACOB, ESQUIRE**
                                              **Pa. Sup. Ct. I.D. 89182**
                                              **Email: djacob@laverylaw.com**

                                              **FRANK J. LAVERY, JR., ESQUIRE**
                                              **Pa. Sup. Ct. I.D. 42370**
                                              **Email: flavery@laverylaw.com**

                                              **Lavery, Faherty, Young & Patterson, P.C.**
                                              **225 Market Street, Suite 304/P.O. Box 1245**
                                              **Harrisburg, PA 17108-1245**
                                              **Phone: (717) 233-6633**

                                              **Attorneys for York City Defendants**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARLYN TROUT, et al.,** | : DOCKET NO.: 1:10-CV-00439 |
| Plaintiffs | : (Honorable Christopher C. Conner) |
| | : (Filed 02/26/2010) |
| v. | : |
| | : JURY TRIAL DEMANDED |
| **WILLIAM WENTZ, et al.,** | : |
| Defendants | : (ELECTRONICALLY FILED) |

## CERTIFICATE OF SERVICE

I, Devon M. Jacob, an attorney of the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on **April 30, 2010,** I served a true and correct copy of the foregoing **Brief in Support of Motion of York City Defendants to Dismiss and for Sanctions,** via the Middle District's ECF as follows:

Donald A. Bailey, Esquire
Email: dbailey@bsolaw.com


　　　　　　　　　　　　　　　　　*s/Devon M. Jacob*
　　　　　　　　　　　　　　　　　**DEVON M. JACOB, ESQUIRE**


**This document has also been electronically filed and is available for viewing and downloading from the ECF system.**