IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARLYN TROUT and JORDIN TROUT,

   Plaintiffs,

CIVIL ACTION NO. 1:10-CV-439

(JUDGE CAPUTO)

WILLIAM WENTZ, KAREN COMERY,
OFFICER HIVNER and OFFICER
HOWER,

   Defendants.

## MEMORANDUM ORDER

Presently before the Court is plaintiffs' motion for leave to amend their complaint. (Doc. 32.)  The complaint was originally dismissed by Judge Conner on January 12, 2011, but plaintiffs were given the opportunity to file for leave to amend.  Defendants have filed briefs challenging the motion, arguing that, since the plaintiffs have filed essentially the same complaint, the motion should be denied.  The Court agrees, and the motion will be denied.

Plaintiffs' complaint stems from actions that occurred on the night of October 27, 2010.  Plaintiff Marlyn Trout and his daughter, Jordan Trout, after purchasing a meal at a fast food restaurant, drove to a strip mall where a crowd of over two-hundred people were gathered to look at cars and drag race.  In the parking lot of the strip mall were signs stating that the lot was private and only for store customers.  All of the stores were closed at the time except an adult video store.  As part of a detail to stop the gatherings and the illegal street racing, York City Police entered the parking lot at approximately 11:03 p.m. and arrested plaintiffs along with everyone else for defiant trespass.  Plaintiffs were then found

guilty in a hearing before a district justice, but then later found not guilty on summary appeal. Plaintiffs then brought claims for unlawful arrest, as well as First, Fourth, and Fourteenth Amendment violations. Plaintiffs allege that the defendants Hivner and Hower, York City Police Officers, working under the direction of defendant Comery, an Assistant District Attorney for York County, and defendant Wentz, also a York City Police Officer, intentionally put the private parking signs up in order to then charge the spectators with defiant trespass.

Motions to dismiss were then filed by defendants. In a memorandum opinion dated January 12, 2011, Judge Conner dismissed, as untimely, the claims against all defendants for unlawful arrest, First Amendment violations, and Fourteenth Amendment violations. The Fourth Amendment malicious prosecution claim against defendant Comery was dismissed on the basis of prosecutorial immunity, and the Fourth Amendment malicious prosecution claim against the York City defendants was dismissed on the basis of qualified immunity. Judge Conner's opinion concluded with the following instructions:

> The court will grant the Trouts thirty (30) days in which they may seek leave to file an amended complaint. If the Trouts demonstrate the validity of the claims in light of the proposed amendments, leave to amend shall be granted. Absent such a filing, the above-captioned case will be dismissed.

However, in a footnote, Judge Conner stated leave to amend would be futile with respect to plaintiffs unlawful arrest claims against all defendants, as well plaintiffs' Fourth Amendment malicious prosecution claim against defendant Comery. Plaintiffs then filed for leave to amend on January 31, 2011 (Doc. 32), and defendants filed briefs in opposition to the motion (Docs. 34 and 35.) After Judge Conner recused himself from the case, it was reassigned to this Court for further proceedings.

Under Federal Rule of Civil Procedure 15(a), "a party may amend the party's pleadings ... by leave of court ... and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). It is within the sound discretion of the trial court to determine whether a party shall have leave to amend pleadings out of time. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Heyl & Patterson Int'l, Inc. v. F.D. Rich Hous.*, 663 F.2d 419, 425 (3d Cir.1981). However, "[i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc.-the leave sought should, as the rules require, be 'freely given.' " *Foman*, 371 U.S. at 182.

In the Third Circuit, the touchstone for the denial of leave to amend is undue prejudice to the non-moving party. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir.1993); *Cornell & Co., Inc. v. OSHRC*, 573 F.2d 820, 823 (1978). "In the absence of substantial or undue prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz*, 1 F.3d at 1414 (citing Heyl, 663 F.2d at 425).

The pertinent issue here is whether Plaintiffs' proposed amendments are "futile." An amendment is futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir.1996)). In

making this assessment, the Court must use the same standard of legal sufficiency employed under Federal Rule of Civil Procedure 12(b)(6). *Id.* In other words, "[a]mendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir.1988).

In their briefs opposing the motion for leave to amend on the basis of futility, defendants point out that plaintiffs' ignored Judge Conner's opinion and have filed a proposed "amended" complaint that is essentially identical to the original complaint. Further, plaintiffs did not even remove the unlawful arrest claims and the malicious prosecution claim that Judge Conner explicitly stated would not remain on the basis of futility.  The only difference between the two complaints are several rambling paragraphs tacked on to the end of the  proposed amended complaint that do not in any way address the defects Judge Conner found in the original complaint.  Because plaintiffs have filed a proposed amended complaint virtually identical to the original – and have therefore not cured the defects that Judge Connor warned would warrant dismissal of the suit –  their motion for leave to amend will be denied on the basis of futility and the case will be dismissed.

**NOW**, this _____16th_____ day of May, 2011 **IT IS HEREBY ORDERED** that plaintiffs' motion for leave to amend their complaint (Doc. 32) is **DENIED**.  The Clerk of Court is directed to close the case.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

4